United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUPA BHOJ,

        Plaintiff,

    v.

AT&T SERVICES, INC.,

        Defendant.

Case No. 3:26-cv-02117-TLT  (KAW)

**ORDER REGARDING 5/1/26 JOINT DISCOVERY LETTER RE APPLICABILITY OF GENERAL ORDER NO. 71**

Re: Dkt. No. 13
[Discovery Letter #1]

On May 1, 2026, the parties filed a joint discovery regarding whether General Order No. 71 and its Initial Discovery Protocols apply to this action. (Joint Letter, Dkt. No. 13 at 1.)  On May 6, 2026, discovery matters in this case were referred to the undersigned.

General Order No. 71 applies to employment cases unless the action falls within one of the enumerated exceptions. The Order specifically exempts

> [c]ases in which the allegations involve <u>only</u> the following:
>
>     a. Discrimination in hiring;
>     b. Harassment/hostile work environment;
>     c. Violations of wage and hour laws under the Fair Labor Standards Act (FLSA);
>     d. Failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA);
>     e. Violations of the Family Medical Leave Act (FMLA);
>     f. Violations of the Employee Retirement Income Security Act (ERISA).

General Order No. 71 (N.D. Cal. Feb. 1, 2020) (emphasis in original).

Here, Plaintiff contends that her complaint "involves exactly those areas of harassment and wage-and-hour claims," so General Order No. 71 does not apply to this action. (Joint Letter at 2.)

In opposition, Defendant argues that Plaintiff's complaint is not limited to harassment or wage-and-hour claims. (Joint Letter at 3.)  The Court agrees.  Indeed, Plaintiff's first cause of

action is for waiting time penalties pursuant to California Labor Code §§ 201-203. (*See* Compl., Dkt. No. 1-1 ¶¶ 27-30.)  Since wage and hour claims are only excluded if brought under FLSA, the action falls within the purview of General Order No. 71.  The Court notes that several of Plaintiff's other causes of action obviously fall outside the enumerated exclusions, including (2) failure to provide accurate wage statements in violation of California Labor Code § 226, (5) disability/medical condition discrimination in violation of FEHA, (6) failure to engage in a good faith interactive process in violation of FEHA, (7) failure to accommodate in violation of FEHA, (9) retaliation pursuant to California Government Code §§ 12940(h) and 12653, (10) wrongful termination, and (11) unfair business practices pursuant to California Business & Professions Code § 17200. (*See* Compl. ¶¶ 27-36, 50-74, 84-111.)

Accordingly, the Court finds that General Order No. 71 applies to this action, and the parties are directed complete their respective productions in accordance with the Initial Discovery Protocols within 30 days of this order.

IT IS SO ORDERED.

Dated: May 7, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2